Filed 9/25/24  P. v. Brown CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B334955 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA086391) |
| v. | |
| CLIFTON G. BROWN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, John J. Lonergan, Judge.  Affirmed.

Clifton Brown, in pro. per.; and Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 2007, a jury found defendant Clifton G. Brown guilty of attempted willful, deliberate, premeditated murder. Brown appeals from an order after judgment denying his petition for resentencing under Penal Code section 1172.6.[1] His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Brown filed a supplemental brief asking us to reverse the order denying his resentencing petition because he was not found to have personally used a firearm and was therefore found guilty of aiding and abetting attempted murder. We find no basis for reversal and affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

One afternoon in 2006, Brown and four other individuals, all gang members, drove up to an apartment complex in Compton, California in a stolen Hummer vehicle. Members of a rival gang were seen outside the apartments earlier that day throwing gang signs toward Brown's fellow gang members when they drove by as part of a funeral procession. Two people got out of the Hummer and started shooting, and shots were also fired from inside the vehicle. Six people standing outside the

---

[1] All further undesignated statutory references are to the Penal Code.

Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We therefore refer to the statute as section 1172.6 for the remainder of this opinion.

[2] We derive the background from the Court of Appeal opinion affirming the judgment of conviction as to Brown and his four codefendants. (*People v. Tempson* (Jan. 26, 2010, B203152) [nonpub. opn.].) We describe the factual background only "to provide context for the parties' arguments." (*People v. Flores* (2022) 76 Cal.App.5th 974, 978, fn. 2.)

2

apartment complex were shot.  An eyewitness to the shooting identified Brown as one of the shooters.

The People charged Brown and four codefendants with six counts each of attempted willful, deliberate, premeditated murder.  (§§ 664, 187, subd. (a).)  The People argued Brown was either one of the shooters or a direct aider and abettor.  The jury convicted Brown as charged.  On each count as to Brown, the jury also found true that a principal used or discharged a firearm under either section 12022.53, subdivisions (b), (c), and/or (d).  The jury made no findings as to whether Brown or any of his four codefendants *personally* used a firearm, as the section 12022.53 allegations asked the jury to find whether a "*principal*" "used" or "discharged" a firearm, without identifying any defendant by name.[3]  After a subsequent bifurcated proceeding, the jury rendered true findings that Brown committed each of the six counts of attempted murder "for the benefit of, at the direction of, or in association with a criminal street gang" under section

---

[3]  Section 12022.53, subdivision (e)(1) provides:  "The enhancements provided for in this section shall apply to any person who is a principal in the commission of an offense if both of the following are pled and proved:  [¶] (A) The person violated subdivision (b) of Section 186.22 [the participation in a criminal street gang enhancement]; [¶] (B) Any principal in the offense committed any act specified in subdivision (b), (c), or (d)."  However, a trial court is prohibited from imposing an additional 15-year minimum parole eligibility on a defendant under the gang enhancement statute (§ 186.22, subd. (b)(5)) "unless the person *personally* used or personally discharged a firearm in the commission of the offense."  (§ 12022.53, subd. (e)(2), italics added.)

3

186.22, subdivision (b)(1). The trial court sentenced Brown to 215 years to life.[4]

In April 2022, Brown filed a petition alleging he was eligible for resentencing under section 1172.6. The People opposed Brown's petition. After a hearing, the trial court determined that Brown met his prima facie burden for relief, issued an order to show cause, and set the matter for an evidentiary hearing under section 1172.6, subdivision (c).

The court held an evidentiary hearing in December 2023.[5] No witnesses were called. The court recognized that the jury was instructed on willful, deliberate, and premeditated attempted murder, and concluded that Brown was convicted as a principal and was therefore ineligible for resentencing as a matter of law. In the alternative, the trial court found that Brown had gunshot residue particles on his hand and that "numerous witnesses" identified Brown as one of the shooters. The court further stated: "If his conduct didn't aid and abet . . . then I don't know what conduct would suffice for that so it's clear to the court what his actions were and for those reasons his 1172.6 petition to be resentenced is denied. I do find the people have met their burden and have shown that not only did they prosecute him and the jury found that he had actual malice, but if a reviewing court was

---

[4]     On appeal, a different panel of this division upheld his sentence but struck the trial court's imposition of a 15-year minimum parole eligibility for Brown under section 12022.53, subdivision (e)(2). (*People v. Tempson, supra*, B203152.)

[5]     Brown appeared through appointed counsel at the evidentiary hearing, as he had previously submitted a written waiver of his appearance.

to find he didn't, then he certainly was aiding and abetting which would show his intent to kill."

Brown timely appealed. His appellate counsel filed an opening brief that raised no issues and asked this court to independently review the record under *Delgadillo*, *supra*, 14 Cal.5th 216. We directed appellant's counsel to send Brown the record and a copy of the opening brief, and we advised that within 30 days of the date of the notice, Brown could submit a supplemental brief or letter stating any grounds for an appeal, contentions, or arguments he wished this court to consider. Brown timely submitted a supplemental brief in which he argues that he is eligible for resentencing because he "was not found guilty of personal use of a firearm" and "was found guilty as an aider and abett[o]r" of attempted murder.

## DISCUSSION

## I.     Senate Bill Nos. 1437 and 775 and Section 1172.6

Senate Bill No. 1437 (2017–2018 Reg. Sess.) eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder and limited the scope of the felony murder rule. (*People v. Strong* (2022) 13 Cal.5th 698, 707–708; *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*); *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*).) Among other things, Senate Bill No. 775 expanded Senate Bill No. 1437's mandate by eliminating the natural and probable consequences doctrine as a means of finding a defendant guilty of attempted murder. (§ 1172.6, subd. (a).) However, a principal in a murder or attempted murder, including an aider or abettor, can still be criminally liable if found to personally possess malice aforethought, whether express or implied. (*People v. Silva* (2023) 87 Cal.App.5th 632, 639–640.)

5

Senate Bill Nos. 1437 and 775 created a procedure to allow a person convicted of murder, attempted murder, or manslaughter under the former law to seek resentencing if the person could no longer be convicted under amended section 188. (*Lewis*, *supra*, 11 Cal.5th at p. 959; *Gentile*, *supra*, 10 Cal.5th at p. 847.) Defendants commence the procedure by filing a petition declaring they were prosecuted under a theory of imputed malice for murder, attempted murder, or manslaughter, and could not presently be convicted of murder or attempted murder because of changes to section 188. (§ 1172.6, subd. (a)(1)–(3).) If the court determines the petitioner made a prima facie case for relief, the court must issue an order to show cause and hold an evidentiary hearing within 60 days. (§ 1172.6, subd. (c).)

## II. Brown is Ineligible for Relief Under Section 1172.6 Because He Was Not Convicted of Attempted Murder Under the Natural and Probable Consequences Doctrine

In his supplemental brief, Brown argues he is eligible for resentencing because he "was not found guilty of personal use of a firearm" and thus "was found guilty as an aider and abett[o]r." However, even after Senate Bill No. 775 eliminated the natural and probable consequences doctrine as a basis for attempted murder liability, "[d]irect aiding and abetting remains a valid theory of attempted murder." (*People v. Coley* (2022) 77 Cal.App.5th 539, 548 (*Coley*).) Accordingly, even if the jury determined Brown was not one of the shooters and convicted him as an aider and abettor, he is ineligible for resentencing as a matter of law.

Although Brown's supplemental brief does not specifically argue that he is eligible for resentencing because he may have

6

been convicted under the natural and probable consequences doctrine, we exercise our discretion to address that issue. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

The People charged Brown with six counts of attempted murder; alleged that each crime was willful, deliberate, and premeditated; and argued that Brown was either a shooter or a direct aider and abettor. The jury was not instructed on the natural and probable consequences doctrine, nor did any given instruction allow the jury to convict Brown based on that doctrine. CALJIC No. 3.00 instructed the jury that "principals" in a crime are each "equally guilty" and include direct perpetrators and aiders and abettors. The trial court further instructed the jury with CALJIC No. 3.01, which explained that to convict Brown of aiding and abetting attempted murder, the jury had to find that he aided, promoted, encouraged, or instigated the commission of the crime "(1) With knowledge of the unlawful purpose of the perpetrator, and [¶] (2) With the intent or purpose of committing or encouraging or facilitating the commission of the crime . . . ." As to "the crime," CALJIC No. 8.66 instructed the jury that an attempted murder conviction required a finding that the perpetrator had "a specific intent to kill unlawfully another human being." In addition, CALJIC No. 8.67 instructed the jury that if it determined the shooter formed a "clear, deliberate intent to kill, which was the result of deliberation and premeditation," it must find the attempted murder was willful, deliberate, and premeditated.

Together, these instructions accurately described the law: " 'when guilt [for attempted murder] does not depend on the natural and probable consequences doctrine . . . the aider and abettor must know and share the murderous intent of the actual

7

perpetrator.' " (*In re Lopez* (2023) 14 Cal.5th 562, 585.) " ' "[T]his occurs when the accomplice 'knows the full extent of the perpetrator's criminal purpose and gives aid or encouragement with the intent or purpose of facilitating the perpetrator's commission of the crime.' [Citation.]" [Citation.]' "[6] (*Ibid.*)

The jury found Brown guilty of all six attempted murder counts, and further found that each crime was willful, deliberate, and premeditated. The record of conviction therefore establishes that the jury convicted Brown of attempted murder either as a

_____

[6] In *People v. Offley* (2020) 48 Cal. App. 5th 588, a different division of this court reversed the trial court's denial of two defendants' petitions for resentencing under former section 1170.95 *without granting an evidentiary hearing*, because the trial court relied on the jury's true findings under section 12022.53, subdivision (d). The court in *Offley* reasoned that a true finding under section 12022.53, subdivision (d) "does not establish as a matter of law that a defendant acted with malice aforethought." (*Offley,* at p. 597.) Accordingly, the court reversed and directed the trial court to appoint counsel and conduct an evidentiary hearing, after which the petitions were denied. (The court later affirmed the trial court in a subsequent unpublished opinion in *People v. Offley* (Aug. 2, 2023, B323993).) However, in *Offley*, the jury was instructed on the natural and probable consequences doctrine as follows: " 'A member of a conspiracy is not only guilty of the particular crime that to his knowledge his confederates agreed to and did commit, but is also liable for the natural and probable consequences of any crime of a co-conspirator to further the object of the conspiracy, even though that crime was not intended as part of the agreed upon objective and even though he was not present at the time of the commission of that crime.' " (*Offley,* at p. 599.) Brown's case is thus distinguishable.

shooter who intended to kill or as a direct aider and abettor who shared a perpetrator's intent to kill. There is no possibility that the jury convicted Brown under the natural and probable consequences doctrine. Brown is therefore ineligible for resentencing as a matter of law. (*Coley*, *supra*, 77 Cal.App.5th at p. 548.)[7]

While we are not obligated to conduct "an independent review of the entire record" to identify issues not raised in Brown's supplemental brief, *Delgadillo*, *supra*, 14 Cal.5th at p. 232, we recognize that the People arguably mischaracterized aiding and abetting liability during closing arguments. During closing, the prosecutor asserted that gang members believe "it's important to have homies that can back you up" such as "scribes or the people who would tell the rest of the homies" about gang shootings. Counsel for one of Brown's codefendants objected and argued that the prosecutor improperly implied that a defendant could be guilty as an aider and abettor without encouraging or facilitating a crime. The court sustained the objection and instructed the jury to disregard the prosecutor's statement to the extent it suggested that "one who observes a crime and then let's [*sic*] other people know about it later" aids and abets that crime. CALJIC No. 1.00 similarly directed the jury to follow the court's instructions and to ignore any contrary argument from counsel. Thus, even if the prosecutor misstated the law, we presume the jury ignored that misstatement and instead followed the court's instructions. (*People v. Sanchez* (2001) 26 Cal.4th 834, 852; *People v. Cortes* (2022) 75 Cal.App.5th 198, 206.) Additionally,

---

[7] Accordingly, we do not address the trial court's alternative ruling that the evidence established beyond a reasonable doubt that Brown was guilty of aiding and abetting attempted murder.

9

even if the jury followed the prosecutor's statement over the court's instructions, Brown would not be entitled to relief. As we have discussed, by its plain terms, section 1172.6, subdivision (a) allows an individual convicted of attempted murder to avail themselves of the statute's resentencing procedures only if he or she was convicted "under the natural and probable consequences doctrine." The prosecutor did not invoke the natural and probable consequences doctrine during Brown's trial.

Our independent review of the record reveals no other arguable issues. Brown is ineligable for resentencing under section 1172.6 as a matter of law and the trial court properly denied his petition.

## DISPOSITION

The order is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BERSHON, J.*


We concur:



EDMON, P. J.



ADAMS, J.

---

*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.